Main Document    Page 1 of 11

BRAD A. MOKRI, SBN: 208213
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (888) 342-1406

Attorney for Defendants:
VAL FRIDMAN, and ALEX FRIDMAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>MOISEY FRIDMAN and ROSA FRIDMAN,<br><br>Debtors.<br><br>KARL ANDERSON, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>ALEX FRIDMAN and VAL FRIDMAN,<br><br>Defendants. | Case no.: 8:12-bk-11721 ES<br><br>**DEFENDANTS' OPPOSITION TO MOTION OF CREDITOR KARL AVETOOM FOR AN ORDER DISSOLVING OR MODIFYING THE STIPULATION FOR PROTECTIVE ORDER RE: NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS ENTERED BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND DEFENDANTS VAL FRIDMAN AND ALEX FRIDMAN; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Information:<br>Date: April 5, 2018<br>Time: 10:30 a.m.<br>Location: 411 W. Fourth Street,<br>Santa Ana, CA. 92701<br>Courtroom: 5A |

COME NOW DEFENDANTS VAL FRIDMAN AND ALEX FRIDMAN, and oppose the Motion of Creditor Karl Avetoom (hereinafter "AVETOOM") for an Order Dissolving or Modifying the Stipulation for Protective Order Re: Non-Disclosure of Confidential Documents Entered into by and between the Chapter 7

1

Trustee and Defendants Val Fridman and Alex Fridman (hereinafter "FRIDMAN"), upon the following grounds:

## OPPOSITION

1. The express language of the Stipulation divests AVETOOM of legal standing to bring the motion; and

2. In the alternative if the Court finds AVETOOM has standing to bring the motion, AVETOOM has still failed to provide good cause for granting the motion.

This opposition is also based on the applicable provisions of the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and more particularly Fed. R. Civ. P. 26(b)(2)(C)(iii) and Fed. R. Bankr. P. 7026; the accompanying Memorandum of Points and Authorities; and upon any other evidence presented in support of the opposition at the hearing on AVETOOM's motion.

                                        Respectfully Submitted,
                                        **Law Offices Of Mokri & Associates**

Dated: March 21, 2018        By:  /S/ BRAD A. MOKRI
                                                Brad A. Mokri,
                                                Attorney for defendants,
                                                VAL FRIDMAN, and ALEX FRIDMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises from an adversary proceeding commenced by the Chapter 7 Trustee against FRIDMAN on or about February 7, 2014, in order to avoid certain alleged transfers from FRIDMAN to their sons.

On or about April 28, 2014, the Trustee and FRIDMAN entered into the Stipulation which is the subject matter of AVETOOM's motion, which Stipulation was filed on April 28, 2014. [Adv. Case No. 8:14-ap-01038-ES; Doc. #23]

The Court signed off on the Stipulation when the Order was signed on or about May 15, 2014. [Adv. Case No. 8:14-ap-01038-ES; Doc. #32]

For the reasons stated below, FRIDMAN asserts that AVETOOM's motion must be denied.

## II. ARGUMENTS

### A. THE EXPRESS LANGUAGE OF THE STIPULATION DIVESTS AVETOOM OF LEGAL STANDING TO BRING THE MOTION.

In his motion, AVETOOM asserts that he has legal standing to bring the motion because by its language, the Stipulation applies to him. To support this assertion, AVETOOM quotes the following statement from page 2 of the Stipulation at lines 25-27: "*Furthermore, Confidential Information shall not be disclosed or disseminated to any creditor or party in interest of the bankruptcy case of Moisey Fridman and Rosa Fridman, Case No. 8:12-bk-11721-ES.*"

AVETOOM, however, quite conveniently fails to provide the following two statements from the Stipulation: *1) "Confidential Information shall not be disclosed or disseminated for any purpose or at any time except as set forth in this Stipulated" - page 2, lines 23-25*; and 2) *"By written agreement of the parties, or upon motion and order of the Court, the terms of this Stipulated Protective Order may be amended, modified, or vacated" – page 7, lines 5-6.*

AVETOOM makes a leap in logic when he states in his motion that his status as a creditor gives him legal standing to bring the motion. He also attempts to fortify his argument by asserting that the Court has retained jurisdiction to hear and determine all matters arising from the implementation of the Order.

The language of the Protective Order, however, expressly excludes AVETOOM as a party that may bring the motion. In page 7, lines 5 to 6 of the Stipulation, only the parties to the adversary action, namely the Trustee and FRIDMAN, or the Court may agree or move to amend, modify, or vacate the Order. Nowhere in the Stipulation is there express language which gives any other persons or entities the right to bring a motion or any other mechanism by which to amend, modify, or vacate the Order.

Understandably, AVETOOM has cherry picked the statement that best suits his purposes. However, if he is using the language of the Stipulation to support his argument, he is also bound by other language in the Stipulation that guts his legal standing assertion.

The language of the Stipulation is also very clear that the Stipulation applied and applies only to the adversary proceeding brought by the Trustee against FRIDMAN.

In the absence of express language providing AVETOOM with legal standing to bring a motion to amend, modify, or vacate the Order, AVETOOM's has no legal standing and his motion must be denied.

**B.    IN THE ALTERNATIVE IF THE COURT FINDS AVETOOM HSTANDING TO BRING THE MOTION, AVETOOM HAS STILL FAILED TO PROVIDE GOOD CAUSE FOR GRANTING THE MOTION.**

Even if the Court were to find that AVETOOM has legal standing to bring the motion, the motion still fails because AVETOOM has failed to show if the discovery he is seeking applies to his underlying State Court case.

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), a protective order is required if the "burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Bankr. P. 7026 provides that Fed. R. Civ. P. 26 applies in adversarial bankruptcy proceedings.

AVETOOM is a collateral litigant who argues in his motion that there is sufficient commonality of issues and facts between the closed adversary proceeding in this Court and the underlying State Court action that dissolving or modifying the protective order is warranted to prevent undue duplication of discovery that may have been already conducted between the Trustee and FRIDMAN. Although on the surface AVETOOM's argument appears cogent, nonetheless, a court should not grant a collateral litigant's request for such modification automatically.

As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Requiring a showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding. See *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1298, 1300 (7th Cir.1980). Such relevance hinges "on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings."

No circuits require the collateral litigant to obtain a relevance determination from the court overseeing the collateral litigation prior to requesting the modification of a protective order from the court that issued the order. The court that issued the order is in the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery.

Because the district court that issued the order makes only a rough estimate of relevance, however, the only issue it determines is whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted. Even if the issuing court modifies the protective order, it does not

decide whether the collateral litigants will ultimately obtain the discovery materials.

As the Fifth and Tenth Circuits have noted, once the district court has modified its protective order, it must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits. *Superior Oil Company v. American Petrofina Company of Texas*, 785 F.2d 130 (1986); *United Nuclear v. Cranford Ins. Co.*, 905 F.2d at 1424, at 1428 (10th Cir., 1990) (*"[B]ecause the underlying controversy [is] no longer alive, `the court simply lack[s] power to impose any new, affirmative requirements on the parties relating to discovery.'"*) (quoting *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 781 (1st Cir.1988)).

The disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts. Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings.

These procedures also preserve the proper role of each of the courts involved: the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery. If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court.

Of course, before deciding to modify the protective order, the court that issued it must consider other factors in addition to the relevance of the protected discovery to the collateral litigation.

In particular, it must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery.

AVETOOM argues that the over-inclusive nature of the protective order

subjects it to modification because the policy of the 9th Circuit Courts is to allow disclosure rather than overly broad, unspecified suppression that prejudices future litigants in future discovery. AVETOOM's argument seems reasonable, but it is incorrect within the context of this case.

The language of the order is specific in that it applies strictly to the specific adversary proceeding brought by the Trustee. The language of the order is also clear that the prohibition applies to confidential information obtained from FRIDMAN, and a list of what constitutes confidential information is provided in page 2, paragraph 1(a) of the Stipulation.

In *Phillips Ex Rel. Estates of Byrd v. G.M.Corp.*, 307 F.3d 1206 (9th Cir. 2002), the Court stated that the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary.

In *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999), the court said, "*[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown.*" See also *In re Agent Orange Product Liability Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) ("*[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.*").

**Rule 26(c)** states, in relevant part:

"*Upon motion by a party or by a person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following: (7) that a trade secret or other confidential research, development, or commercial information not be*

*revealed or be revealed only in a designated way...."*

*FED. R. CIV. P. 26(c), 26(c)(7).*

For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that "*broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test*"); *see also San Jose Mercury News, Inc.*, 187 F.3d at 1102(holding that to gain a protective order the party must make "*particularized showing of good cause with respect to any individual document*").

If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995) (citing factors).

Although courts may be more likely to grant protective orders for the information listed in Rule 26(c)(7), courts have consistently granted protective orders that prevent disclosure of many types of information, such as letters protected under attorney-client privilege which revealed the weaknesses in a party's position and was inadvertently sent to the opposing side, *see KL Group v. Case, Kay, and Lynch*, 829 F.2d 909, 917-19 (9th Cir.1987); medical and psychiatric records confidential under state law, *see Pearson v. Miller*, 211 F.3d 57, 62-64 (3d Cir.2000); and federal and grand jury secrecy provisions, *see Krause v. Rhodes*, 671 F.2d 212, 216 (6th Cir.1982).

The 9th Circuit Court in *Phillips* (supra) at page 1213 conducted the following analysis in reaching the decision to uphold the protective order:

> "*The issue thus presented is whether the strong presumption of access applies to materials filed with the court under seal pursuant to a valid protective order. Although the Ninth Circuit has never addressed this issue,*

*other courts have determined that the federal common law right of access does not apply to documents filed under seal. See United States v. Corbitt, 879 F.2d 224, 228 (7th Cir.1989) ("While this Court has recognized that the common law right of access creates a strong presumption in favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted to the court under seal."); see also Lawmaster v. United States, 993 F.2d 773, 775 (10th Cir.1993); United States v. Certain Real Property Located In Romulus, Wayne County, Michigan, 977 F.Supp. 833, 836 (E.D.Mich.1997); Grundberg v. Upjohn Co., 140 F.R.D. 459, 465 (D.Utah 1991). We agree with these courts.* **When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.** *Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders. Although we understand the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.), it makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive sanctions motion filed with the court. See, e.g., Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1983) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."). Cf. Rushford v. New Yorker*

*Magazine, Inc., 846 F.2d 249, 252 (4th Cir.1988)* ("Once the [sealed discovery] documents are made part of a dispositive motion [summary judgment motion ruled upon by the court] ... they lose their status of being raw fruits of discovery." (emphasis added and quotation omitted))."

Applying the reasoning by the Court in *Phillips*, a collateral litigant will not be permitted to exploit another's discovery in the sense of instituting the collateral litigation simply as a device to obtain access to sealed information. See also *Wilk v. Am. Medical Assoc.*, 635 F.2d 1295, 1300 (7th Cir.1980). Federal Discovery may not be used to merely subvert limitations on discovery in other proceedings. Id. ***Thus, a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual discovery in the collateral litigation.*** [Emphasis added]

Applying the Court's holding and reasoning in *Phillips* and *Wilk* to AVETOOM's motion, it is clear that the motion must not prevail because AVETOOM is unable to demonstrate that the discovery sought by him is not subject to a prohibition against disclosure.

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny AVETOOM's motion to dissolve or modify the Protective Order.

Respectfully Submitted,
**Law Offices Of Mokri & Associates**

Dated: March 21, 2018     By:    /S/ BRAD A. MOKRI    .
Brad A. Mokri,
Attorney for defendants,
VAL FRIDMAN, and ALEX FRIDMAN

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1851 E. First Street, Suite 900, Santa Ana, California 92808.

A true and correct copy of the foregoing document described as DEFENDANTS' OPPOSITION TO MOTION OF CREDITOR KARL AVETOOM FOR AN ORDER DISSOLVING OR MODIFYING THE STIPULATION FOR PROTECTIVE ORDER RE: NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS ENTERED BY AND BETWEEN HE CHAPTER 7 TRUSTEE AND DEFENDANTS VAL FRIDMAN AND ALEX FRIDMAN. MEMO OF POINTS & AUTH.
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:
GOLDEN STATE OVERNITE

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/21/18, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Karl Avetoom - kia002@att.net
Anthony A. Friedman - aaf@lnbyb.com
Karl T. Anderson(TR) - edansie@hotmail.com, kanderson@ecf.epiqsystems.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 3/21/18, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
The Hon. Erithe A. Smith
United States Bankruptcy Court
Central District of California
411 W. Fourth Street, Suite 5040/ Courtroom 5A

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/31/18 | Gissou Mokri | _/s/_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**